# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DP ENTERPRISES, LP, a California limited partnership, Plaintiff,<br><br>v.<br><br>JAMES CORRADO INC., a New Jersey corporation; PETER CORRADO, an individual; GERALD CORRADO, an individual; and JOSEPH CORRADO, an individual,<br><br>Defendants. | CASE: 1:21-cv-01655-AWI-SKO<br><br>**ORDER:**<br><br>**1. DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**2. DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 7) |

Plaintiff DP Enterprises, LP ("DP Enterprises" or "Plaintiff") filed this action on November 16, 2021 alleging that Defendant James Corrado, Inc. ("Corrado")—which is allegedly controlled by James Corrado ("Mr. Corrado")—has failed to make payment for more than $29,000 in produce. See Doc. No. 1. On November 18, 2021, DP Enterprises made an ex parte application for a temporary restraining order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and brought a motion for a preliminary injunction requiring Corrado to segregate and preserve all assets of a trust arising under the Perishable Agricultural Commodities Act ("PACA"). Doc. Nos. 7-1 & 7-2.

# **LEGAL FRAMEWORK**

The analysis for issuing a TRO and the analysis for issuing a preliminary injunction are "substantially identical" to one another. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain such relief, a plaintiff must establish four factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008): (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). In the Ninth Circuit, these factors—sometimes referred to as the "*Winter* factors"—may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

Under Rule 65(b), a court may issue a TRO without notice to the adverse party or its attorney only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).

Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are issued ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438–39 (1974); McCord, 452 F.3d at 1131. A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22; see Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (emphasizing plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy' ").

**DISCUSSION**

Plaintiff's TRO application and preliminary injunction motion are based entirely on a declaration by a limited partner of DP Enterprises, Demetrio Papagni ("Papagni Declaration"). Doc. No. 7-4. As set forth in the Papagni Declaration, DP Enterprises sold "perishable agricultural commodities" (apparently grapes) to Corrado for a total of $29,092.00 (including $50 in packaging materials), "[i]n or around September 2020 through October 2020." Id. at 2:6-10, 2:16-19. The produce, which was shipped interstate, was "received and accepted" by Corrado, but Corrado still has not paid for it. Id. at 2:14-19. DP Enterprises issued an invoice for the produce on October 1, 2020. Id. at 5. The invoice states, *inter alia*, that the produce was "sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act" and that DP Enterprises retained a "trust claim" over the produce, as well as related "inventories," "receivables or proceeds," until receipt of final payment. Id.

Mr. Papagni states that he has spoken to James Corrado "several times over the last few months regarding status of payment" and that "[o]n a number of occasions, Mr. Corrado told [him] that it ha[d] been a rough year for Corrado and hopefully they could issue payment to Plaintiff." Doc. No. 7-4 at 2:20-25. Further, Mr. Papagni states that Mr. Corrado "ignored a large amount of [] requests regarding status of payment"; that "it appears that [Corrado] ha[s] been delaying and/or avoiding any payment" to DP Enterprises; and that in Mr. Papagni's "opinion," "Corrado does not have sufficient funds to fully satisfy Plaintiff's PACA trust claim in full as required by law [] and is dissipating PACA trusts." Id. at 2:20-3:2. Finally, Mr. Papagni attaches approximately 20 pages of text messages that he apparently exchanged with Mr. Corrado to substantiate his assertions that Corrado has ignored requests for payment and may be unable to make payment due to lack of financial resources. Doc. No. 7-4 at 7-28.

The text messages, however, appear to involve the negotiation of a 2021 transaction and not payment with respect to the October 1, 2020 invoice at issue here. For example, no year is indicated on any of the text messages, but the text messages have stamps showing dates and days

3

of the week that map to the 2021—not the 2020—calendar.[1] See, e.g., id. at 9 ("Tue, Aug 31"); 10 ("Thu, Sep 2"); 15 ("Sat, Sep 11"). The Court accepts, for the limited purpose of this analysis, that the transaction in question was subject to PACA, that a PACA trust arose and that Corrado has failed to make payment required under the October 1, 2020 invoice. The text messages, however, are problematic for two reasons. First, even assuming it was error, the apparent mischaracterization of the text messages makes it difficult for the Court to give full weight to other aspects of the Papagni Declaration. And second, it is difficult for the Court to credit Plaintiff's blanket assertion that Corrado is dissipating trust assets when it appears that DP Enterprises was negotiating a new transaction with Corrado very similar to the one at issue here as recently as last month. Moreover, the Court generally finds the Papagni Declaration, which is largely predicated on speculation and subjective impressions, to be lacking in "specific facts" that "clearly show" a risk of dissipation (let alone risk of dissipation in the short interval before Corrado could be heard in opposition to a properly noticed motion). See Fed.R.Civ.P. 65(b)(1)(A); S. Mill Mushroom, LLC v. V.I.P. Mktg., Inc., 2021 WL 4134052, at *3 (C.D. Cal. Sept. 10, 2021) (denying ex parte application for a TRO on finding that an email evidencing financial difficulties on the part of the defendant buyer did not constitute "a substantial showing that the trust assets [were] at risk of dissipation" and that plaintiff "failed to take the foundational step of specifying exactly what kind of dissipation it fear[ed]").

In addition, given the foregoing considerations, the Court finds counsel's bare assertion that notice to Corrado and its counsel should not be required because it would "afford Defendants with an opportunity to dissipate trust assets" to be conclusory, unconvincing and insufficient. Cf. McCord, 452 F.3d at 1131 (stating that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO" and allowing for TROs without notice on showings that notice is "impossible" or that "notice to the defendant would render fruitless the further prosecution of the action"); see also S. Mill Mushroom, 2021 WL 4134052, at *2 (stating that inadequacy of required

---

[1] The Court takes judicial notice of the 2020 calendar and the 2021 calendar. See Fed.R.Civ.Pro. Rule 201(b)-(d); Lee v. Delta Air Lines Inc., 2021 WL 4497209, at *3 (C.D. Cal. Aug. 23, 2021) (taking judicial notice of the 2020 calendar).

4

showing under Fed.R.Civ.P. 65(b)(1)(B) is "sufficient independent grounds" for denying an ex parte TRO application).

For the foregoing reasons, the Court finds that DP Enterprises fails to satisfy the standard for an ex parte TRO set forth in Rule 65(b) and the application will be denied. See Granny Goose Foods, 415 U.S. at 438-39 ("The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

Further, the Court finds that the defects discussed above with respect to the Papagni Declaration preclude DP Enterprises from showing the likelihood of irreparable harm required for a preliminary injunction, as the record in this case currently stands. See Am. Trucking Ass'ns, Inc., 559 F.3d at 1052. Also, it appears that the motion for preliminary injunction has effectively been brought on an ex parte basis in violation of Rule 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). The Court will therefore deny the motion for preliminary injunction without prejudice to refiling with notice and evidence supporting a good faith claim for injunctive relief.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for a temporary restraining order (Doc. Nos. 7 & 7-1) is DENIED; and

2. Plaintiff's motion for preliminary injunction is DENIED (Doc. No. 7-2), without prejudice to renewing the motion with proper notice.

IT IS SO ORDERED.

Dated:  November 19, 2021                              /s/ signature
                                                   SENIOR DISTRICT JUDGE

5